```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KRAFT FOODS GLOBAL, INC.         :       CIVIL ACTION
                                 :
          v.                     :
                                 :
BLUE RIBBON COMMODITY TRADERS,   :
INC.                             :       NO. 07-cv-03051-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                       June 18, 2008

        Plaintiff filed this action on July 26, 2007. On May 30, 2008, the defendant filed a "Motion to Dismiss for Insufficiency of Service of Process Pursuant to F.R.C.P. 12(b)(5) or, in the Alternative, Motion to Strike as Civil Action Should be Filed as a Compulsory Counterclaim Pursuant to F.R.C.P. 13(a)." In brief, defendant contends that plaintiff failed to file the complaint within 120 days, as required under Fed. R. Civ. P. 4(m). Defendant also asserts (strangely) the argument that the complaint in this case should have been filed as a compulsory counterclaim in an earlier case pending before my colleague Judge Shapiro.

        Plaintiff contends that the defendant has been avoiding service, and that plaintiff has made every reasonable effort to effectuate service. Plaintiff also points out that it is not a party to the action pending before Judge Shapiro (Kraft Foods Global, Inc. is not the same corporation as Kraft Foods, Inc.).

It appears that plaintiff's counsel, having concluded that the defendant is no longer in business, has attempted to locate and serve various individuals who were or are executives of the defendant.  According to the records of the Pennsylvania Department of State, however, the defendant is still an active Pennsylvania corporation and its principal office address is:

> c/o Silberman & DiFilippo
> 150 Monument Road, 4th Floor
> Bala Cynwyd, PA 19004-0

The law firm in question has relocated to Philadelphia.  Presumably, that law firm would qualify as an "other person for the time being in charge of any regular place of business <u>or activity</u> of the corporation" within the meaning of Pennsylvania Rule of Civil Procedure 424(2).

It should also be noted that, in spite of the alleged difficulty in locating a proper recipient of service, plaintiff has made no application for leave to employ alternative methods of service.

Under all these circumstances, I conclude that the appropriate action is to grant plaintiff a further extension of 60 days in which to achieve service of process – in the unlikely event that counsel for the defendant will persist in declining to accept service on defendant's behalf.

Since it seems clear that this action could not have been asserted as a counterclaim in the action before Judge

Shapiro, defendant's alternative motion to strike the complaint will be denied.

      An Order follows.

```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KRAFT FOODS GLOBAL, INC.         :       CIVIL ACTION
                                 :
          v.                     :
                                 :
BLUE RIBBON COMMODITY TRADERS,   :
INC.                             :       NO. 07-cv-03051-JF
```

ORDER

AND NOW, this 18th day of June 2008, IT IS ORDERED:

1. Plaintiff is GRANTED a further extension of time in which to effectuate service of process. Process shall be effectuated within 60 days of the date of this Order.

2. Defendant's alternative motion to strike the complaint is DENIED.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.